# Wood *against* Turner.

The constable's return of the "retailers of foreign merchandize" is not competent evidence of the fact that a person therein returned is the owner of or interested in the business which he is conducting.

ERROR to the common pleas of *Erie* county.

L. Wood and A. Cady against Marshall Turner. This was an action on the case brought upon an agreement between the parties respecting the manufacture of pearlash. To maintain the issue on the part of the plaintiff, the deposition of Phineas Wood was given in evidence.

The defendant then gave evidence by several witnesses to show that Phineas Wood, the witness of the plaintiffs, made the contract in his own name, at least impliedly so, from the fact, as witness stated, that he appeared to do business in his own name in the store; and, in further evidence of it, offered in evidence the constable's return of Elk creek township for November term 1830, in which is the following, "Retailers of foreign merchandize, Phineas Wood;" and also the assessment list of said township, indorsed "Elk creek, 1830," and headed as follows, "Transcript of the triennial assessment of Elk creek for the year 1829," and the part therein as follows, "Woods, Phineas, merchant, 150 dollars, valuation 75 dollars." To which evidence, viz. the constable's return and assessment, the plaintiffs objected. The court overruled the objections in their order, admitted the evidence, and sealed a bill of exception.

Verdict and judgment for defendant.

*Derrickson,* for plaintiff in error.
*Galbreath,* for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—Conceding it to be among the canons of evidence that testimony be admitted under the sanction of an oath, it is insisted that the exigence is answered here by the oath appended to the return. But the constable is bound to return those who are actually vendors, without regard to their ownership; and it is questionable whether his return would not be incompetent for that reason, were it not so for any other. Testimony must have the sanction not only of an oath, but of an oath guarded by temporal as well as spiritual penalties. But, where it is not otherwise expressed by sta-

[Wood v. Turner.]

tute, perjury can be assigned only in a judicial oath ; and the question is whether the constable could be convicted of perjury for swearing falsely to this return.    The statute directs it to be verified by his oath, and it directs no more.    There is so little temptation to falsehood in the performance of the duty, that it was not thought necessary to surround the official oath with temporal terrors.    It is decisive therefore that it was not taken in a judicial proceeding ; but that is not all : even testimony taken in a cause is incompetent where the opposite party had not an *opportunity to cross-examine* ; and it is on this ground, among others, that verdicts and judgments are inadmissible against any other than parties or privies.    Now it will not be pretended that the plaintiffs had either an opportunity or a right to cross-examine when the constable swore to his return.    The officer found a person of sufficient responsibility in the actual business of a vendor, and it was his duty to return him as such without inquiring further or giving notice to the creditors of the concern that he was going to swear to a fact that might affect them.    But it is supposed that the return, even unsanctioned by an oath, would be *prima facie* evidence as a public act, for the reason that a receipt for taxes is evidence of ostensible ownership.    The receipt of an officer, however, is an exception to the rule that payment is not to be proved by the receipt of a third person ; and even the fact of payment is received, not as the act of the officer, but as a thing done by the party in prosecution of his title.    That analogy failing, there is nothing to sustain the evidence.

Judgment reversed, and a *venire de novo* awarded.